UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COREY L. HOWELL,

        Plaintiff,

v.                                  Case No. 3:21-cv-1205-MMH-LLL

E. PEREZ-LUGO, et al.,

        Defendants.

_____

**ORDER**

    Plaintiff Corey Howell, an inmate of the Florida penal system, initiated this action on November 29, 2021, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. Howell names E. Perez-Lugo, A. Robinson, M. Tomlinson, and Centurion/MHM Services as Defendants. Howell asserts that Defendants violated his rights under the Eighth and Fourteenth Amendments because they denied him "proper" medical treatment for his irritable bowel syndrome (IBS).[1]

    The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief

---

[1] Howell filed similar complaints in Case Numbers 3:21-cv-659-MMH-JBT and 3:20-cv-1014-BJD-PDB, which were dismissed either for failure to state a claim or failure to prosecute.

1

against a defendant who is immune from such relief.[2] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should be ordered only when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both

---

[2] Howell has neither paid the filing fee nor filed an application to proceed as a pauper. As such, for purposes of the Court's required screening, the Court will assume Howell intends to proceed as a pauper.

2

contexts.³ Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556 57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of

---

³ "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cnty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)); Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017).

Additionally, a complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civil P. 8(a)(2). While not required to include detailed factual allegations, a plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me

4

accusation." Ashcroft, 556 U.S. at 678. Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). A plaintiff must allege sufficient facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Howell alleges that the Defendants violated the Eighth Amendment by exhibiting deliberate indifference to a serious medical need. Pursuant to the Eighth Amendment of the United States Constitution, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). "To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct." Oliver v. Fuhrman, 739 F. App'x 968, 969 (11th Cir. 2018) (citing Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). The Eleventh Circuit has explained:

> Under the objective component, a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. Id. The challenged condition must be extreme and must pose an unreasonable

5

> risk of serious damage to the prisoner's future health or safety. Id. The Eighth Amendment guarantees that prisoners are provided with a minimal civilized level of life's basic necessities. Id.
>
> Under the subjective component, a prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. Id. This means the prisoner must show that the prison officials: (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) displayed conduct that is more than mere negligence. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).

Id. at 969-70. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).

As it relates to medical care, "[t]he Supreme Court has interpreted the Eighth Amendment to prohibit 'deliberate indifference to serious medical needs of prisoners.'" Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)), abrogation recognized on other grounds by Campoverde-Panora v. U.S. Att'y Gen., No. 21–10131, 2021 WL 5414940, at *2 (11th Cir. Nov. 19, 2021). The Eleventh Circuit explains:

> To prevail on a deliberate indifference claim, [a plaintiff] must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009). To establish deliberate indifference, [a plaintiff] must prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir. 2010) (alteration in original). The defendants must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and then actually draw that inference. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotation omitted).

Easley v. Dep't of Corr., 590 F. App'x 860, 868 (11th Cir. 2014). "For medical treatment to rise to the level of a constitutional violation, the care must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Nimmons v. Aviles, 409 F. App'x 295, 297 (11th Cir. 2011) (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) ("Grossly incompetent or inadequate care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment" or fail to respond to a known medical problem). However, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham, 654 F.3d at 1176 (quotation marks and citation omitted). Moreover, the Eleventh Circuit has noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of

7

another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting Waldrop, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

Here, Howell has not presented sufficient allegations to support a claim for an Eighth Amendment violation. His claims are conclusory in nature and lack specific facts that would allow the Court to draw a reasonable inference that Defendants were deliberately indifferent to a serious medical need. First, he generally accuses Defendants Tomlinson, Perez-Lugo, and Robinson of refusing to provide him "needed treatment" or "proper medication" for IBS, stating that "[r]epeated requests for the treatment went unanswered or iggnored [sic]." Complaint at 5. He does not specify what each Defendant individually did or failed to do, complicating the Defendants' ability to respond to the allegations. Nor does Howell state what treatment was withheld from him or why any such treatment was "needed" or "proper." Absent such facts, the Court cannot infer that Defendants' conduct amounted to anything more than a disagreement in medical opinion or simple negligence. See Adams, 61

8

F.3d at 1545 ("[T]he question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

In addition, Howell fails to allege any facts that establish the liability of Centurion/MHM Services. Centurion/MHM Services contracts with the Florida Department of Corrections to provide medical services to inmates within the state of Florida. Although Centurion/MHM Services is not a governmental entity, "[w]here a function which is traditionally the exclusive prerogative of the state … is performed by a private entity, state action is present" for purposes of § 1983. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (citations omitted). Indeed,

> "when a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state" and "becomes the functional equivalent of the municipality" under section 1983. Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997). "[L]iability under § 1983 may not be based on the doctrine of respondeat superior." Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc).

Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011); see Denham v. Corizon Health, Inc., Case No. 6:13-cv-1425-Orl-40KRS, 2015 WL 3509294, at *3 n.1 (M.D. Fla. June 4, 2015) ("[W]hen a government function is performed by a private entity like Corizon, the private entity is treated as the functional

9

equivalent of the government for which it works." (citation omitted)), aff'd 675 F. App'x 935 (11th Cir. 2017).

Where a claim of deliberate indifference to a serious medical need is brought against an entity, like Centurion/MHM Services, based on its functional equivalence to a government entity, liability under § 1983 cannot be based on the theory of respondeat superior. Craig, 643 F.3d at 1310 (quoting Grech, 335 F.3d at 1329). This is so because a government entity may be liable in a § 1983 action "only where the [entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (emphasis in original) (citations omitted). Thus, a plaintiff must show that the entity "had a 'policy or custom' of deliberate indifference that led to the violation of his constitutional right." Craig, 643 F.3d at 1310 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).

Howell has alleged no facts showing that Centurion/MHM Services violated his constitutional rights or caused a violation of his constitutional rights. Stated another way, Howell has alleged no facts showing that a policy or custom of Centurion/MHM Services was the moving force behind a violation of his rights. As such, the Court will allow Howell an opportunity to amend his complaint to provide the Court with more specific factual allegations.

In light of the above, it is **ORDERED** that:

10

1. Howell's Complaint (Doc. 1) is hereby **DISMISSED WITHOUT PREJUDICE** to his right to refile an amended complaint consistent with this Order. Howell must file his amended complaint no later than **February 9, 2022**. This case number should be affixed to the civil rights complaint form, and the words "Amended Complaint" should be written at the top of the form.

2. Additionally, Howell has not paid the filing fee or filed a request to proceed in forma pauperis. Thus, by **February 9, 2022**, Howell shall complete and file an affidavit of indigency, and as directed on the affidavit, he shall include a copy of his prison account statement for the six months preceding the filing of the Complaint. Alternatively, he may pay the $402 filing fee.

3. Howell's failure to timely file an amended complaint and pay the filing fee or file an affidavit of indigency may result in the dismissal of this action without further notice.

4. The **Clerk** shall send Howell a blank civil rights complaint form and an affidavit of indigency form.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of January, 2022.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc 19

C:   Corey Howell, # J56416